O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEEES FOR THE CARPENTERS SOUTHWEST TRUSTS<br><br>                    Plaintiffs,<br>          v.<br><br>ACL BUILDERS, INC., a California corporation,<br><br>                    Defendant. | Case No. CV 12-04883-ODW(JEMx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT [13]** |

## I.    INTRODUCTION

Plaintiffs Carpenters Southwest Administrative Corporation and Board of Trustees for the Carpenters Southwest Trusts move the Court to enter default judgment against Defendant ACL Builders, Inc.[1]  (ECF No. 13.)  For the following reasons, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion.

## II.    FACTUAL BACKGROUND

On June 12, 2012, Plaintiffs filed a Complaint in this Court alleging two claims against ACL for (1) damages for failure to pay fringe benefit contributions; and (2)

---

[1] Having carefully considered the papers filed in support of the instant Motion, the Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15

injunctive relief.  (Compl. 1.)  Plaintiffs served ACL with the Summons and Complaint on June 22, 2012.  (ECF No. 9, Gifford Decl. ¶ 3, Ex. 3.)  After ACL failed to appear or otherwise respond to the complaint, Plaintiffs requested an entry of default on the case, which the Clerk of Court entered according to Federal Rule of Civil Procedure Rule 55(a) on July 12, 2012.  (ECF Nos. 9, 10.)  Plaintiffs now move for default judgment.  (ECF No. 13.)

This action arises out of ACL's alleged failure to pay fringe-benefit contributions.  Plaintiff Carpenters Southwest Administrative Corporation ("CSAC") is a non-profit corporation that administers various multiemployer plan trusts.  (Compl. ¶¶ 6, 9.)  CSAC is also assignee of various express trusts under section 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and therefore is the plan fiduciary.  (*Id.*)  Plaintiff Board of Trustees for the Carpenters Southwest Trusts ("Trustees") are the acting trustees of the ERISA trusts administered by CSAC.  (Compl. ¶ 3)  Additionally, Southwest Regional Council of Carpenters and its affiliated local unions associated with the United Brotherhood of Carpenters and Joiners of America (collectively, the "Unions") are labor organizations and parties to the collective bargaining agreements involved in this case.  (*Id.* ¶ 11.)  ACL is a contractor engaged in the construction industry. (*Id.* ¶ 12.)

In July of 2003, ACL contracted with the Unions to report the number of the hours worked by each employee and pay fringe-benefit contributions for each hour worked according to predetermined amounts.  (*Id.* ¶¶ 15–17.)  This agreement provides a penalty for failure to report and pay contributions by the 25th of the month following the work logged.  (*Id.)*  The multiemployer plans administered by CSAC are third-party beneficiaries of this agreement.  (*Id.* ¶ 15.)  CSAC and Trustees allege that ACL failed to report hours and make contributions required under the agreement.  (*Id.* ¶¶ 19, 20.)

/ / /

/ / /

2

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the Clerk's entry of default under Rule 55(a).    Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; and (3) that notice has been served on the defaulting party, if required by Rule 55(b)(2).[2]

The district court is given discretion to decide whether to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint—except those pertaining to damages—are accepted as true.  *Televideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).  But in exercising its discretion regarding entry of default, a court must consider several factors, including: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (2) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV.    DISCUSSION

Plaintiffs' Motion for Default Judgment seeks judgment as to liability and an award of damages for failure to pay fringe benefit contributions amounting to $45,436.78, pre-judgment interest in the amount of $11,951.74, and attorney's fees in the amount of $3,326.21.  Plaintiffs also seek injunctive relief requiring compliance with the Agreement.  The Court considers each in turn.

---

[2] Because ACL is not a person, the Court does not consider whether the defaulting party is incompetent or falls under the Service Member's Relief Act.

**A.     Liability**

Plaintiffs have satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55-1.  Specifically, Plaintiffs have established that (1) the clerk entered default against ACL on July 12, 2012; (2) the default is based on ACL's failure to respond to Plaintiffs' Complaint served on June 16, 2012 (ECF No. 6); and (3) Plaintiffs served ACL with notice of their application for default judgment by delivering a copy of the Motion and all supporting documents to ACL's business addresses.

Upon entry of default, "well-pled allegations in the complaint regarding liability are deemed true."  *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Moreover, the Court finds that consideration of the *Eitel* factors weigh in favor of granting the motion.  *See Eitel*, 782 F.2d at 1471–72.  Specifically, Plaintiffs would suffer prejudice if default judgment is not entered because Plaintiffs "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery."  *Electra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).  Plaintiffs have established the merits of their claims and the sufficiency of the Complaint through its pleading and evidence.  The sum of money is not disproportionately large because the damages awarded are governed by statute.  *See* 29 U.S.C § 1132(g) (establishing what damages shall be awarded under an ERISA plan).  Finally, the Court finds that ACL's failure to answer or file a responsive pleading was not the result of excusable neglect because ACL failed to respond despite repeated notice of this action.  (ECF Nos. 6, 9, 13–17, 19.)

Accordingly, Plaintiffs' Motion for Default Judgment is **GRANTED** as to liability for ACL's failure to pay fringe benefit contributions.

**B.     Statutory Damages**

Where judgment has been granted in favor of a plan, statutory damages under 29 U.S.C. § 1132(g)(2) are "mandatory and not discretionary."  *Nw. Admin., Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).  Section 1132(g)(2) provides that,

following entry of judgment in favor of the plan, the Court *shall* award the plan (A) unpaid contributions; (B) interest on the unpaid contributions; (C) either interest on the contributions again or liquidated damages provided under the plan; (D) reasonable attorney's fees and costs; and (E) such other legal and equitable relief the Court deems appropriate.  Plaintiffs have satisfied their burden of proof on these damages with declarations, signed contracts, and hour reports showing delinquent payments, as described below.  (Petersen Decl., Exs. 1, 6, 7.)

### 1.   Unpaid contributions

Plaintiffs list the four months of insufficient payments in 2010—January, February, March, and August—totaling to $27,476.94 in unpaid contributions (Petersen Suppl. Decl. Ex. 7.)  For 2011, they note that no payments were received from June through November, totaling $17,959.84 in unpaid contributions.  (*Id.*)  These combined amounts come to **$45,436.78**.

### 2.   Interest on unpaid contributions

The total amount of interest owing on ACL's payments is calculated according to ACL's agreement with Unions.  (Petersen Decl. ¶ 21.)    The agreement applies a 7% interest per annum on delinquent payments.  (*Id.*)  The total amount of interest on $45,436.78 calculated at 7% is **$5,975.87**.

### 3.   Double interest under 29 U.S.C. § 1132(g)(2)(C)

Under § 1132(g)(2)(C), Plaintiffs are entitled to either the amount of liquidated damages provided for in the agreement or an additional award of the interest accrued, whichever is greater.  ACL's agreement with Unions provides for liquidated damages at 10% of the delinquent payments, which comes to $4,543.68.  (Petersen Decl. ¶ 21.)  As established above, the interest is $5,975.87.  The interest being greater, the Court must award Plaintiff a second interest award of **$5,975.87**.

### 4.   Attorney's fees

Local Rule 55-3 states that where a statute provides for reasonable attorney's fees, those fees must be calculated according to the schedule provided under that

Rule.   The total delinquency here is $45,436.78.   Local Rule 55-3's schedule establishes that where the amount of judgment is $10,000.01 to $50,000, attorney's fees are calculated at $1,200 plus 6% of the amount over $10,000.  This amounts to **$3,326.21**.

As to subsection (E), other legal and equitable relief, Plaintiffs have requested injunctive relief.  This will be discussed below.  At this point, the Court **GRANTS** Plaintiffs requests under § 1132(g)(2)(A)–(D) as described above, totaling to **$60,714.73**.

**C.    Injunctive Relief**

Plaintiffs seek injunctive relief to coerce ACL to comply with its contractual duty to make the required payments and file the necessary reports.   To obtain injunctive relief, Plaintiffs must establish that (1) Plaintiffs have suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between Plaintiffs and ACL, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.   *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)

This Court is not inclined to grant injunctive relief in this case.  By their request for an injunction, Plaintiffs seek a court order requiring Defendants to comply with their legal obligations under the added threat of being held in contempt of court.  But Plaintiffs already have a more-than-adequate remedy at law to enforce Defendants' obligations, as illustrated by the Court's present grant of default judgment.   Plaintiffs simply have not suffered an irreparable injury because the damages the Court awards them here—and could award them in any future proceeding—fully remedy Defendants' violations and cover Plaintiffs' reasonable attorney's fees.  And without a showing that Plaintiffs have suffered an irreparable injury, the threat of criminal penalties for violation of a legal duty is unwarranted.

1       In a feeble attempt to establish irreparable injury, Plaintiffs claim ACL's failure

2  to make timely contributions may effectively result in another employer (or the

3  participants) having to pay for the delinquency.  (*See* Petersen Decl. ¶ 20.)  They

4  assert that this is because the Plan's contribution rates and benefits are based on

5  actuarial calculations, but they do not state how much the damage is or the relative

6  certainty of any such damage occurring at all.  To the contrary, Plaintiffs' claim is

7  speculative and equivocal, and insufficient to warrant the requested relief.

8       In this first suit against ACL for unpaid contributions, the monetary damages

9  awarded above are adequate.  Accordingly, Plaintiffs' Motion for Default Judgment is

10  **DENIED** with respect to injunctive relief.

## V.   CONCLUSION

12       For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Default

13  Judgment with respect to unpaid contributions, interest, double interest under 29

14  U.S.C. 1132(g)(2)(C), and attorney's fees, for a total of $60,714.73 in damages.  The

15  Court **DENIES** Plaintiffs' Motion with respect to injunctive relief.  A judgment will

16  issue.

17       **IT IS SO ORDERED.**

19       October 17, 2012

                                 **HON. OTIS D. WRIGHT, II**

                          **UNITED STATES DISTRICT JUDGE**